James R. Doyle, Esq. SBN 309037
**TOFER & ASSOCIATES, PLC**
8889 W. Olympic Blvd., Penthouse
Beverly Hills, California 90211
Telephone No.: (310) 277-9000
Facsimile No.: (213) 492-0012
E-mail: james@toferlaw.com

JAMIR DAVIS, ESQ. SBN 98041 PRO HAC VICE
**J. DAVIS LAW FIRM, PLLC**
P.O. BOX 122123
COVINGTON, KY 41011
TELE: 859-750-5033
JDAVISLAWKY@GMAIL.COM

ATTORNEYS FOR PLAINTIFF BREONNA RICHARD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREONNA RICHARD,<br><br>               Plaintiff,<br><br><br>      v.<br><br>CITY AND COUNTY OF SAN FRANCISCO;<br>and DOES 1-50 individually and in official<br>capacities as police officers for the City and<br>County of San Francisco, inclusive.<br><br><br>              Defendant. | CASE NO:<br><br><br>COMPLAINT FOR VIOLATION OF TITLE<br>42 USC § 1983, *MONELL* CLAIM,<br>VIOLATION OF CALIFORNIA<br>STATUTES, VIOLATION OF COMMON<br>LAW TORTS, AND DAMAGES<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1.  Plaintiff met her boyfriend Dacari in high school, twelve years ago. After years of friendship

they decided to enter into a romantic relationship.

2. On the evening of October 6, 2019 Plaintiff and her boyfriend who had been living together for months decided to enjoy an evening out at Pier 39 in San Francisco, when all of a sudden police officers showed up on the scene and brutally attacked them.

3. Plaintiff, and her boyfriend were retuning to their parked vehicle at or near Powell Street and Beach Street in San Francisco when Plaintiff realized her wallet was missing from her purse.

4. Plaintiff was upset about the violation of her privacy and person, and began crying.

5. Her boyfriend attempted to calm her down by consoling her as he is a loving and caring person.

6. Plaintiff eventually calmed down and her boyfriend engaged her in a loving embrace.

7. San Francisco police officers suddenly arrived on the scene.

8. Police officers never addressed Plaintiff or her boyfriend with questions but only yelled instructions.

9. Plaintiff did not know officers were directing instructions at them and remained in an embrace with her boyfriend.

10. Police officers immediately pulled Plainiff's boyfriend away from her and viciously attacked him.

11. Plaintiff's boyfriend was repeatedly struck with hands, feet and batons. He was thrown to the ground and was forced to use his hands to protect his head and neck areas, as the baton blows would have likely resulted in death.

12. Plaintiff begged officers to stop and when they refused she attempted to stop the attack by stepping in front of one of the officers.

13. The officer immediately threw the Plaintiff to the ground causing injury to the Plaintiff's back and injuring her wrist.

14. Plaintiff helplessly watched the brutal and outrageously unlawful beating of her boyfriend continue until her boyfriend lie in an unconscious state face down on the pavement.

15. Officers called an ambulance and Plaintiff's boyfriend was taken to Saint Francis Memorial

Hospital in San Francisco.

16. Plaintiff begged to go to the hospital with her boyfriend but officers forced her to remain on the scene.

17. Police Officers eventually found Plaintiff's wallet abandoned in a garbage can near Pier 39.

18. Realizing what they had done officers attempted to cover up the beating by claiming there was evidence of domestic violence. Officers then put factually inaccurate statements in documents and presented them to a Superior Court Judge in an attempt to get an EPO against her boyfriend.

19. On or about October 8, 2019 Plaintiff's boyfriend was released from surgery and Plaintiff was at his bedside, when San Francisco Police Officers made an unannounced entry into the hospital room and demanded that Plaintiff leave. Plaintiff plead with officers to stay but officers served Plaintiff with an EPO and threatened to arrest Plaintiff if she did not leave immediately.

20. Defendants intentionally, maliciously and knowingly disregarded Plaintiff's right to due process to remove Plaintiff from her families presence.

21. Defendants therefore violated Plaintiff's well-elaborated constitutional right to live together in companionship and society with whom she chose.

22. This action seeks to recover damages for the violation of Plaintiff's rights under federal statutes as well as common law torts.

## JURISDICTION

23. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district. Title 28 of the United States Code Section 1391(b) confers venue upon this Court.

## ADMINISTRATIVE PREREQUISITES

24. Plaintiff is required to comply with an administrative tort claim requirement under

California law.  Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.  Plaintiff filed a claim with the City and County of San Francisco on December 19, 2019 by sending a claim form and letter to City Clerk's office, Attention: Claims Division (See Exhibit 1).  Plaintiff received correspondence from Defendants on January 30, 2020 denying Plaintiff's claim.

## **PARTIES**

25. Plaintiff BREONNA RICHARD (hereinafter referred to as "PLAINTIFF") is and at all times herein mentioned is a citizen of the United States and a resident of Northern California.

26. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter referred to as "COUNTY") is and all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the COUNTY operates the San Francisco Police Department. The San Francisco Police Department employ's police officers and is responsible for the actions of its employees. PLAINTIFF believes that the COUNTY is legally responsible and liable for the incident, injuries and damages herein set forth. The COUNTY proximately caused injuries and damages because of the intentional and/or negligent actions of one or more of its employees, it breached is duty to PLAINTIFF to provide safety and security for the public, violated public policy when its employees used excessive force against PLAINTIFF. The COUNTY is liable for the actions of its employees, through vicarious or imputed liability and *Respondiat Superior*.

27. PLAINTIFF is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when

ascertained. PLAINTIFF believes and alleges that each defendant is legally responsible and liable for the incident, injuries and damages herein set forth. Each defendant proximately caused injuries and damages because of his/her intentional and/or negligent actions, breach of duty, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act of omission. PLAINTIFF will ask for leave to amend his complaint subject to further discovery.

28. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with the COUNTY. In engaging in the conduct described herein, Defendant officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of the COUNTY.

### STATEMENT OF FACTS

29. On or about October 6, 2019, PLAINTIFF, her boyfriend, and her boyfriend's cousin were enjoying a night out near Fisherman's Wharf in San Francisco.

30. PLAINTIFF and her boyfriend are both readily recognizable as African-Americans.

31. PLAINTIFF, her boyfriend and his cousin had finished dining and where headed back to their car when PLAINTIFF realized that her wallet had been stolen from her purse. PLAINTIFF was upset and distressed about the violation of her person and personal property.

32. PLAINTIFF and her boyfriend walked back to their parked car, at or near the intersection of Powell Street and Beach Street, near Pier 39.

33. PLAINTIFF was being consoled by her boyfriend and the two were leaning against the car and were engaged in hugging and kissing each other.

34. While they were in an embrace and unbeknownst to PLAINTIFF, San Francisco Police Officers arrived at the scene.

35. Without any verbal announcement of their presence, without issuing any commands or orders, two or more Police Officers abruptly grabbed PLAINTIFF's boyfriend with vicious force, and began to beat him mercilessly with their batons.

36. PLAINTIFF was shocked that the attack was occurring and begged with the officers to stop the outrageous attack.

37. PLAINTIFF witnessed police officers attempted to strike PLAINTIFF's boyfriend with a baton in his head and neck region.

38. PLAINTIFF feared for her boyfriend's life and attempted to stop the attack by stepping in front of one of the officers.

39. The officer violently threw the plaintiff to the ground.

40. PLAINTIFF attempted to brace her fall with her hands but could not, causing injury to the PLAINTIFF's wrist and back.

41. PLAINTIFF helplessly watched the brutal and outrageously unlawful beating of her boyfriend continue until her boyfriend lie in an unconscious state face down on the pavement.

42. Officers called an ambulance and then Officers moved PLAINTIFF's boyfriend  which caused him to come conscious in excruciating pain.

43. PLAINTIFF's boyfriend was taken to Saint Francis Memorial Hospital in San Francisco.

44. PLAINTIFF begged to go to the hospital with her boyfriend but officers forced her to

remain on the scene.

45. Police Officers eventually found PLAINTIFF's wallet abandoned in a garbage can near the scene.

46. PLAINTIFF arrived at the hospital to find that her boyfriend had sustained a broken leg, a broken wrist and multiple open lacerations.

47. PLAINTIFF was mentally and emotionally distraught.

48. District Attorney Investigators then arrived at the hospital and told PLAINTIFF that they were Internal Affairs detectives, took statements from PLAINTIFF, and attempted to record a conversation between PLAINTIFF and her boyfriend by leaving a recording device in the room.

49. The harassment and intimidation by COUNTY employees continued. On or about October 8, 2019 Plaintiff's boyfriend was released from surgery and PLAINTIFF was at his bedside, when officers of San Francisco Police Department made an unannounced entry into the hospital room and demanded that PLAINTIFF leave.

50. Police officers then served PLAINTIFF with a emergency protective order, which included a fabricated a story about Domestic Violence between PLAINTIFF and her boyfriend.

51. PLAINTIFF plead with officers to stay because her boyfriend had no one else there with him but officers threatened to arrest Plaintiff and served her with an EPO.

52. The conduct of the COUNTY employees and attempted coercion prompted hospital security to tighten security around PLAINTIFFF's boyfriend's room.

53. On or about October 18, 2020 a representative of the COUNTY continued to engage in harassing behavior by making public statements to media outlets claiming that PLAINTIFF had been beaten and strangled by her boyfriend.

54. Plaintiff was forced to separate from her boyfriend for twelve days without contact.

55. On or about October 18, 2019 Plaintiff would find out she was pregnant and two weeks later se would miscarry the child.

56. COUNTY employees have further conspired to conceal the truth of this outrageous attack on PLAINTIFF and her boyfriend by refusing to release video evidence, releasing the names of the officers involved and have instructed third party entities with knowledge of the incident to not release critical evidence.

### DAMAGES

57. PLAINTIFF was physically, mentally, and emotionally injured as a direct and proximate result of the brutal attack on her and her boyfriend's person, including but not limited to: physical injuries to her back; and emotional damage resulting in a fear of government officials and post-traumatic stress related illnesses as a consequence of Defendants violations of her federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendment's.

58. PLAINTIFF is entitled to recover damages pursuant to the pain and suffering she endured as a result of her civil rights being violated and the tortious acts by defendant's, inclusive.

59. PLAINTIFF found it necessary to engage the services of private counsel to vindicate her rights under the law. PLAINTIFF is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION

**(Violation of the Fourth Amendment to the United States Constitution)**

**(42 U.S.C. § 1983)**

**(Richard v. City and County of San Francisco; DOES 1-50 inclusive)**

60. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

61. Defendants' above described conduct violates PLAINTIFF's right, as provided for under the Fourth and Fourteenth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable force against her. Defendants' above described conduct violates PLAINTIFF's right, as provided for under the Fourth and Fourteenth Amendments to the United States Constitution. The Fourteenth Amendment guarantees PLAINTIFF to be free from governmental interference with her right to procedural due process. The Fourteenth Amendment guarantees PLAINTIFF freedom from governmental interference with her right to substantive due process, which includes egregious conduct by government agencies and persons acting under the color of the law when a suspect no longer poses a threat. The Fourteenth Amendment also guarantees PLAINTIFF freedom from governmental interference of companionship with her boyfriend and child. The Fourth Amendment grantees PLAINTIFF freedom from deliberate government use of perjured testimony and fabricated evidence.

62. PLAINTIFF was forced to endure great pain and suffering because of the County and Defendant's conduct.

63. Defendants acted under color of law by viciously pushing PLAINTIFF without lawful justification and subjecting PLAINTIFF to force thereby depriving PLAINTIFF of certain constitutionally protected rights, including, but not limited to:

    a.   The right to procedural due process, substantive due process and the right

governmental inference of custody and companionship., as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Monell Claim: 42 U.S.C. § 1983)

### (Richard v. City and County of San Francisco)

64. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

65. The COUNTY had a duty to adequately train, supervise and discipline their deputy officers in order to protect members of the public, including PLAINTIFF, from being harmed by police officers unnecessarily.

66. The COUNTY was deliberately indifferent to such duties and thereby proximately caused injury to PLAINTIFF as complained herein. The COUNTY received a blistering assessment by the U.S. Department of Justice in October 2016, which found that excessive and unlawful use of force and racism/biased policing efforts are rampant in the department.

67. PLAINTIFF is informed and believes that little if any of the corrective actions and recommendations in the report have been implemented. Those actions included trainings which would correct the use of batons by officers. In addition, the public inaction by the department has created an atmosphere in which officers believe they may act with impunity when engaging in unlawful conduct, as the Department itself seems uninterested in complying with federal recommendations.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Bane Act Violation – CA Civ Code § 52.1)

### (Richard v. City and County of San Francisco; DOES 1-50 inclusive)

68. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

69. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

70. DOES 1-50 intentionally threatened, perpetrated physical harm upon, and interfered with PLAINTIFF's state and federal statutory and Constitutional rights.

71. PLAINTIFF's rights which were interfered with include, but are not limited to: right to association, due process, privacy, travel and protection from bodily harm.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### (Battery)

### (Richard v. City and County of San Francisco; DOES 1-50 inclusive)

72. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

73. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

74. COUNTY and DOES 1-50 perpetrated an intentional vicious physical pushing of PLAINTIFF. DOES 1-50 the requisite intent to make physical contact and inflict pain and suffering on PLAINTIFF.

75. PLAINTIFF has a right to be free from unwanted or unwarranted contact with her person and this right was violated by Defendants action or omissions, inclusive.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Assault)

### (Richard v. City and County of San Francisco; DOES 1-50 inclusive)

76. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

77. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope

of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

78. DOES 1-50 caused PLAINTIFF to fear that she was going to be beaten.

79. Defendants beat PLAINTIFF without cause. Defendants conduct was neither privileged nor justified under statute or common law.

80. As a result of Defendants acts, PLAINTIFF was in fact placed in great apprehension of imminent harmful and offensive contact with his person.

81. At no time did PLAINTIFF consent to any of the acts by the Defendants as alleged hereinabove.

82. Defendants conduct as described above caused PLAINTIFF to be apprehensive that Defendants would subject him to further intentional invasions of his right to be free from offensive and harmful contact and demonstrated that at all time's herein, Defendants had a present ability to subject him to an intentional offensive and harmful touching.

83. As a direct and proximate result of Defendants unlawful conduct as alleged hereinabove, PLAINTIFF has suffered physical injury, sever emotional distress, humiliation, embarrassment, mental and emotional distress, anxiety and economic harm.

84. PLAINTIFF has a right to be free from fear of unwanted or unwarranted contact with her person and his rights were violated by Defendants' action or omissions, inclusive.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

**(Richard v. City and County of San Francisco; DOES 1-50 inclusive)**

85. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

86. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

87. DOES 1-50 perpetrated a vicious physical assault on PLAINTIFF, violently pushing her to the ground. The Defendant's then, after the initial encounter, conspired to inflict further emotional distress, by entering PLAINTIFF's boyfriends hospital room with the intent of threatening and coercing PLAINTIFF.

88. PLAINTIFF has a right to be free from such callous actions aimed at inflicting mental and emotional damage and this right was violated by said Defendants, inclusive.

WHEREOFRE, PLAINTIFF prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Intentional Misrepresentation – CA Civ Code §1710)

### (Richard v. City and County of San Francisco; DOES 1-50 inclusive)

89. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

90. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-

50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

91. DOES 1-50 intentionally made fraudulent and intentional misrepresentations to a superior court judge in order to obtain an emergency protective order against PLAINTIFF.

92. The emergency protective order was served on PLAINTIFF while she was recovering from physical, emotional and mental harm, PLAINTIFF who has never been in physically violent situation with her boyfriend was accused of being a victim of domestic violence.

93. California Civil Code §1710 identifies intentional misrepresentation as a form of fraud. DOES 1-50 misrepresented a fact that they knew was false and induced reliance on said fraudulent claim resulting in injury to PLAINTIFF.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Constructive Fraud – CA Civ Code §1573)

### (Richard v. City and County of San Francisco; DOES 1-50 inclusive)

94. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

95. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope

of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

96. DOES 1-50 actively concealed relevant information on multiple instances throughout this horrific incident.

97. First and foremost, DOES 1-50 concealed relevant and pertinent information from a superior court Judge when obtaining an emergency protective order. This resulted in serious emotional damage to PLAINTIFF, who has never been in a violent with her boyfriend, and was in fact being emotionally consoled during this brutal attack. Officers had a legal duty to act within the scope of the law being truthful in relaying facts about this case to appropriate levers of government.

98. Secondly, the San Francisco Police Department has breached its legal duty by refusing to disclose information that has been lawfully requested through information requests. Namely, PLAINTIFF has sought information related to this incident.

99. THE COUNTY has refused to disclose this information, citing on-going investigations. This act or omission is simply a stall tactic and one that has caused PLAINTIFF great emotional harm as she does not know which officers perpetrated this outrageous attack on her boyfriend, nor does he know what the COUNTY is doing about it from an administrative function.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Negligence)

**(Richard v. City and County of San Francisco; DOES 1-50 inclusive)**

100.     PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully

reproduced herein, except for any and all allegations of intentional, malicious, extreme,

outrageous, wanton or oppressive conduct by defendants, and any and all allegations

requesting punitive damages.

101.     In the alternative, PLAINTIFF alleges Defendant's negligent actions and/or

negligent failure to act within the scope and course of their employment with the COUNTY,

as set forth hereinabove approximately caused severe physical injury to PLAINTIFF.

102.     The present action is brought pursuant to §§ 820 and 815.2 of the California

Government Code. Pursuant to § 820 of the California Government Code, as public

employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same

extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the

course and scope of their employment and/or agency with COUNTY. As such, Defendant

COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions

of DOES 1-50 pursuant to § 815.2 of the California Government Code.

103.     As an actual and proximate result of said Defendants' negligence and physical

injuries sustained by PLAINTIFF, PLAINTIFF has sustained pecuniary loss resulting from

the loss of comfort, society, attention and services, in an amount to be determined at trial.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Richard v. City and County of San Francisco; DOES 1-50 inclusive)

104.     PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully

reproduced herein, except for any and all allegations of intentional, malicious, extreme,

outrageous, wanton or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

105.     In the alternative, PLAINTIFF alleges Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with the COUNTY, as set forth herein-above approximately cause severe physical injury and serious emotion distress to PLAINTIFF.

106.     The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

107.     Defendants' negligence was a substantial factor in causing PLAINTIFF serious emotional distress including both physical and emotional suffering, fright, nervousness, anxiety, worry, shock, humiliation, and shame and causing her to have a miscarriage. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (Negligent Misrepresentation – CA Civ Code §1710)

### (Richard v. City and County of San Francisco; DOES 1-50 inclusive)

108.     PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton or oppressive conduct by defendants, and any and all allegations

requesting punitive damages.

109.    In the alternative, PLAINTIFF alleges Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with the COUNTY, as set forth herein-above approximately cause serious emotion distress to PLAINTIFF.

110.    The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

111.    DOES 1-50 made fraudulent misrepresentations to a superior court judge in order to obtain an emergency protective order against PLAINTIFF.

112.    The emergency protective order was served on PLAINTIFF while she was in hospital at her boyfriends bed side and created great emotional and mental harm to PLAINTIFF, who has never been physically harmed by her boyfriend.

113.    California Civil Code §1710 identifies negligent misrepresentation as a form of fraud. DOES 1-50 misrepresented a fact that they should have known was false and induced reliance on said fraudulent claim resulting in injury to PLAINTIFF.

## TWELTH CAUSE OF ACTION

### (False Imprisonment No Arrest – CA Civ No. 1400.)

### (Richard v. City and County of San Francisco; DOES 1-50 inclusive)

114.    PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme,

outrageous, wanton or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

115.    PLAINTTIF claims that she was wrongfully confined and restrained at the scene of the incident and later detained by Defendants at the hospital.

116.    The Defendants intentionally deprived PLAINTIFF of her freedom of movement by use of physical barriers and threats of force, fraud and unreasonable duress. The restraint confinement and dentition of Plaintiff compelled the plaintiff to both to stay be away from her boyfriend for over twelve days.  PLAINTIFF did not volunteer to go and was harmed by the separation from her boyfriend.

117.    The Defendants conduct was a substantial factor in causing the PLAINTTIF harm and causing her to have a miscarriage. PLAINTIFF has also sustained pecuniary loss resulting from the loss of comfort, society and attention.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.


**JURY DEMAND**

118.    **PLAINTIFF hereby demands a jury trial**.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief, as follows:

For general damages in a sum according to proof;

For special damages, including but not limited to, past, present and/or future wage loss, medical expenses and other special damages to be determined according to proof;

For punitive and exemplary damages against each defendant in a sum according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. §

794(a);

For all other relief to which the Court deems just and proper.

Date: June 26, 2020

TOFER & ASSOCIATES, PLC.

James Doyle

James R. Doyle, Esq. Attorney
for Plaintiff

COMPLAINT FOR DAMAGES
*RICHARD V. CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50*