UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREONNA RICHARD,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>  Defendant. | Case No. 20-cv-04276-JSC<br><br>**ORDER RE: MOTION TO RETAIN CONFIDENTIALITY DESIGNATION**<br><br>Re: Dkt. No. 47 |

Before the Court is Defendant's motion to retain confidentiality designation as to four categories of documents.[1] (Dkt. No. 47.)[2] Having carefully considered the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the November 18, 2021 hearing, and GRANTS the motion until the partial stay in this action is lifted.

## BACKGROUND

This is a civil rights lawsuit arising from San Francisco police officers' alleged beating and subsequent harassment of Plaintiff and her boyfriend. In February 2021, the Court vacated the trial date and stayed the case as to Officer Terrance Stangel in light of the filing of criminal charges against him arising out of the incident at issue in this lawsuit. (Dkt. No. 27.) The Court also ruled that Defendant could not designate as confidential Officer Stangel's body-worn camera footage. (Dkt. No. 28.) Defendant had argued that disclosure would cause particularized harm, (Case No. 3:20-cv-01357-JSC, Dkt. No. 43), by compromising the integrity of the criminal

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 11, 17.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  proceedings against Officer Stangel.  The Court found no particularized harm, especially given
2  that the San Francisco Police Department had partially released the video.  The Court also held
3  that, even assuming a particularized harm, the balance of the *Glenmede* factors did not support
4  confidentiality.  *See Gonzales v. City of San Jose*, No. 19-CV-08195-NC, 2020 WL 4430799, at
5  *4 (N.D. Cal. July 31, 2020); *see generally In re Roman Catholic Archbishop of Portland in Or.*,
6  661 F.3d 417, 424–25 (9th Cir. 2011) (explaining that courts analyzing "good cause" must first
7  determine whether disclosure will result in particularized harm and then balance the public and
8  private interests at stake using the *Glenmede* factors); Fed. R. Civ. P. 26(c)(1) ("The court may,
9  for good cause, issue an order to protect a party or person from annoyance, embarrassment,
10 oppression, or undue burden or expense . . . .").

11 Defendant now seeks to keep confidential the following documents: "(1) Incident Reports
12 related to the October 6, 2019 incident, (2) all recorded witness statements, (3) all recorded
13 statements of [Plaintiff's boyfriend] Dacari Spiers, [and] (4) [a]ll recorded statements of Breonna
14 Richard."  (Dkt. No. 47 at 2.)

## DISCUSSION

### I. Particularized Harm

Defendant argues that disclosure will cause particularized harm to Officer Stangel by tainting the jury pool and compromising his right to a fair trial.  Although the Court was not persuaded by this argument with respect to the video footage, it has more heft with respect to the documents at issue.  The documents have never been publicly disclosed and were obtained in a confidential investigation, rather than taking place in public like the events on video.  *See Economus v. City & County of San Francisco*, No. 18-cv-01071-HSG (DMR), 2019 WL 3842008, at *3–5 (N.D. Cal. Aug. 15, 2019) (finding particularized harm where audio recordings at issue "reveal[ed] detailed perceptions of the officers who witnessed the incident" and "ha[d] not already been released to the public," and disclosure might "hamper the [agency's] ability . . . to fully investigate citizen complaints into the operation of SFPD").  Accordingly, Defendant has met its initial burden to "allege specific prejudice or harm."  *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).

## II. *Glenmede* Factors

Upon a showing of particularized harm, courts proceed to balance the public and private interests at stake using the following factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Archbishop of Portland*, 661 F.3d at 424 n.5 (quoting *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

First, Defendant's general argument that disclosure will "impact[] the individual privacy interests of Officer Stangel, other defendant officers, and third-party witnesses," (Dkt. No. 47 at 5), does not articulate a privacy interest tied to the specific documents at issue. *See Economus*, 2019 WL 3842008, at *5 ("The interviews contain various officers' perception of the event underlying this case, but do not reveal personal information about the officers themselves other than their names. The mere identity of the officers who gave witness interviews . . . does not raise a significant, if any, privacy concern.").

Second, there is no indication of improper purpose, and Defendant does not address this factor.

Third, as with the first factor Defendant generally argues that Officer Stangel and others will suffer embarrassment, but does not tie this argument to any portion of the documents. *See Economus*, 2019 WL 3842008, at *6; *Gonzales v. City of San Jose*, No. 19-CV-08195-NC, 2020 WL 4430799, at *4 (N.D. Cal. July 31, 2020) ("[I]f the events alleged in the complaint took place as Plaintiff describes, then disclosure might cause embarrassment to [Defendants]. If they did not, as Defendants argue, their embarrassment should be minimal or nonexistent.").

Fourth, "[t]he public has a strong interest in knowing whether members of their tax-funded police department who swear to protect and serve them are using excessive force in violation of the United States Constitution, thereby endangering the health and safety of the community."

3

*Gonzales*, 2020 WL 4430799, at *4.

Fifth, information sharing between litigants is not at issue, and Defendant does not address this factor.

Sixth, the party benefitting from confidentiality is Officer Stangel, a public employee.

Finally, "the public unquestionably holds a hefty interest in police force transparency, and especially so when fundamental rights are at stake." *Id.* However, the public also has an interest in a fair prosecution of Officer Stangel that protects his right to an impartial jury. And it has an interest in the integrity of the police investigation and the prosecution which may be compromised if witness statements are made public. Further, given that the trial date was vacated pending the resolution of the charges against Officer Stangel, the issue is not whether the documents will ever be publicly disclosed, but whether their confidentiality will be maintained until the criminal proceedings are over, the stay lifted, and trial scheduled. Under these circumstances, where the issue is maintaining the documents' confidentiality for a finite period of time to ensure a fair criminal trial and the integrity of the criminal investigation, the factors weigh in favor of maintaining confidentiality.

## CONCLUSION

Defendant's motion is GRANTED as any interest the public has in immediate disclosure of the documents created as a part of the confidential investigation is presently outweighed by the need to maintain the integrity of the criminal proceedings. However, once the criminal proceedings are complete and the stay in this case is lifted, the confidentiality designation will no longer apply. Specifically, the confidentiality designation will expire 14 days after this Court orders the lifting of the stay unless Defendant files a renewed motion to maintain the documents' confidentiality. If Defendant timely files such a motion, the documents shall remain confidential pending the Court's ruling.

This Order disposes of Docket No. 47.

**IT IS SO ORDERED.**

//

//

Dated: November 15, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge